Mark A. Ertischek
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
(907) 343-4545
Fax (907) 343-4550
e-mail: uslit@muni.org

Attorney for Defendant
Municipality of Anchorage

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HOWARD HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PURCELL SECURITY AUTHORITY, | ) |
| E. MILLER, SECURITY OFFICER, | ) |
| ANCHORAGE PARKING AUTHORITY, | ) |
| AND MUNICIPALITY OF ANCHORAGE, | ) |
| | ) |
| Defendants. | ) |
| _____ ) | Case No. 3:05-cv-00014- TMB |

### MEMORANDUM IN SUPPORT OF THE MUNICIPALITY OF ANCHORAGE'S MOTION FOR SUMMARY JUDGMENT

Defendant, the Municipality of Anchorage, has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the grounds that there are no genuine issues of material fact and the Municipality is entitled to judgment as a matter of law. The Municipality joins in the argument presented by the Anchorage Parking Authority

and Purcell Security in support of their Motion for Summary Judgment and requests that the Court also consider the following points.

I.   Undisputed Facts.

The Parking Authority is an independent public corporate entity created by Municipal Ordinance, AO 84-10(S) which was approved on February 28, 1984. Attachment A[1]. The Parking Authority owns the Transit Center. Attachment B. The Anchorage Parking Authority contracted with Purcell Security to provide security services at the Transit Center.

The Plaintiff was required to leave the Anchorage Transit Center January 29, 2004 by security guards employed by Purcell Security for the reasons explained in the Memorandum supporting their Motion for Summary Judgment. The Plaintiff named the Municipality of Anchorage as a Defendant because he believed the Municipality hired Purcell Security. The Plaintiff did not name the Anchorage Police Department or any police officers as defendants. The Plaintiff stated during his deposition, he did not believe he was injured by any act of an Anchorage Police Officer.

```
 8 Q    You have testified that you have no problem with the
 9      Anchorage Police Department in regard to this?
10 A    No, no.
18 Q    And you were not actually arrested by the police
19      officer?
20 A    No.
```

---

[1] The Parking Authority was later made a Department within the Anchorage Development Authority another independent corporate entity created by the Municipality by AMC 25.35.010.

Memorandum in Support of Defendant Municipality of Anchorage's Motion for Summary Judgment
Hughes v MOA  Case No, 3:05-cv-00014- TMB
Page 2 of 6

Deposition of Hughes. p. 82.  Attachment C.

The Plaintiff also stated that he only named the Municipality as a Defendant because he believed that the Municipality owned the Transit Center and hired the Parking Authority to run it and not because he was injured by any act of a municipal employee.

```
9   Q   …. If I
10  understand you correctly, there was no person that you
11  know to be employed by the Municipality of Anchorage that
12  caused any embarrassment to you?
13  A   Right.
14  Q   And that the Municipality of Anchorage is named as a
15  defendant in this matter purely because you understand
16  that they hired the Parking Authority?
17  A   Right.
```

Deposition of Hughes. p. 83.  Attachment C.

The Plaintiff attributed his injury solely to the actions of the three Purcell Security Officers.  Two of those security officers were not named as defendants in the Complaint.  Security Officer E. Miller was named but never served.

Deposition of Hughes.  pp. 82, 85.  Attachment C.

II.   <u>The Law.</u>

    Federal Rule 56( c) states:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Memorandum in Support of Defendant Municipality of Anchorage's Motion for Summary Judgment
Hughes v MOA  Case No, 3:05-cv-00014- TMB
Page 3 of 6

Summary judgment is appropriate only when, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact with respect to the claims. *Tayborn v. City and County of San Francisco*, 341 F.3d 957, 960 (9th Cir. 2003). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of acclaim on which the non-moving party has the burden of proof. *Celotex*, *supra*, 477 U.S. at 323.

The Plaintiff claims that his constitutional rights were violated because of his race. Though the Plaintiff has not referred to 42 U.S.C. § 1983, his claims are controlled by the requirements of that provision. To succeed in a § 1983 claim against the Municipality, the Plaintiff must show that he was injured as a result of an unconstitutional municipal

Memorandum in Support of Defendant Municipality of Anchorage's Motion for Summary Judgment
Hughes v MOA  Case No, 3:05-cv-00014- TMB
Page 4 of 6

policy. *Hart v. Parks*, 450 F.3d 1059 (C.A.9 2006). In this case, the Plaintiff attributed his injuries entirely to the acts of three security officers. He has never contended that his injuries resulted from an unconstitutional custom or policy of the Municipality.

The Plaintiff also alleges that his constitutional rights were violated as the result of a conspiracy. The conspiracy claim must fail if the Plaintiff's constitutional rights were not violated. *Benas v. Baca* 159 Fed. Appx. 762 (C.A.9 2005). In addition, proving the existence of a conspiracy requires evidence of an agreement among the participants in the conspiracy. There is no evidence any Municipal official played a role in ejecting the Plaintiff from the Transit Center. Even if the Court were to determine that the security officers violated the Plaintiff's constitutional rights and that they were agents of the Municipality, the Municipality cannot subjected to vicarious liability for the acts of it's agents. *Monell v. Department of Social Services* 436 U.S. 658, 694, 985 S. Ct. 2018, 56 L.Ed.2d 611 (1978). "A municipality may not be held liable under sec. 1983 solely because it employs a tortfeasor . . . we have consistently refused to hold municipalities liable under a theory of respondeat superior . . ." *Board of County Commissioners v. Brown,* 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997)

III.   Conclusion.

There are no disputed facts that are material to the Plaintiff's claims against the Municipality of Anchorage. The Parking Authority is an independent entity that owns the Transit Center. The Municipality does not own the Transit Center or hire the Parking Authority to operate the Transit Center. The Municipality did not hire or supervise the

Memorandum in Support of Defendant Municipality of Anchorage's Motion for Summary Judgment
Hughes v MOA   Case No, 3:05-cv-00014- TMB
Page 5 of 6

guards who ejected the Plaintiff from the Transit Center or participate in their decision to do so. The Municipality did not violate the Plaintiff's rights and should be granted summary judgment

Respectfully submitted July 21, 2006.

                                            FREDERICK H. BONESS
                                            Municipal Attorney

By: s/ Mark A. Ertischek
     Mark A Ertischek
     Assistant Municipal Attorney
     Municipal Attorney's Office
     P.O. Box 196650
     Anchorage, Alaska 99519-6650
     (907) 343-4545
     Fax (907) 343-4550
     e-mail: uslit@muni.org
     Alaska Bar No. 7410073

The undersigned hereby certifies that on 07/21/06 a true and correct copy of the *Memorandum in Support of the Municipality's Motion for Summary Judgment* was served electronically on:
    Tom Daniel
and by regular U.S. mail on:

    Howard Hughes
    7100 Stella Place, #1
    Anchorage, AK  99507

 s/Patricia A. Karella
Patricia A. Karella, Legal Secretary
Municipal Attorney's Office

Memorandum in Support of Defendant Municipality of Anchorage's Motion for Summary Judgment
Hughes v MOA  Case No, 3:05-cv-00014- TMB
Page 6 of 6