**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

<u>HOWARD HUGHES</u>  v.  <u>PURCELL SECURITY, et al.</u>

THE HONORABLE TIMOTHY M. BURGESS

<small>DEPUTY CLERK</small>                                                                CASE NO. <u>3:05-CV-00014-TMB</u>

<u>Elisa Singleton</u>

PROCEEDINGS: **MINUTE ORDER FROM CHAMBERS**                                DATE: July 21, 2006

**NOTICE REGARDING MOTION FOR SUMMARY JUDGMENT**

      Defendant(s) have filed a motion for summary judgment in the above-captioned case.

      Plaintiff's opposition (including any supporting documents) or notice of non-opposition to defendant(s)'s motion must be filed and served by plaintiff no later than 15 days after service of defendant(s)'s motion for summary judgment.

      A motion for summary judgment is a request for an order of judgment in favor of the movant without trial. In general, a motion for summary judgment presents the facts that are not disputed and argues that the facts entitle the movant to judgment as a matter of law.

      Pursuant to <u>Klingele v. Eikenberry</u>, 849 F.2d 409, 411-12 (9th Cir. 1988), plaintiff is hereby advised that Federal Rule of Civil Procedure 56 sets forth the requirements for opposing a motion for summary judgment. Plaintiff is also advised that if he or she fails to respond to defendant(s)'s motion for summary judgment, the court may grant the motion and dismiss plaintiff's claim.

      Federal Rule of Civil Procedure 56 states in relevant part:

> ...(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment,

interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

...(e) Form of Affidavits; Further Testimony; Defense Required.  Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party...

...(g) Affidavits Made in Bad Faith.  Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

Although the actual text of Federal Rule of Civil Procedure 56 controls in any dispute as to its interpretation, the court provides the following brief explanation of the Rule's requirements:

To oppose a motion for summary judgment, plaintiff must provide the court with evidence supporting his or her claims.  Under Federal Rule of Civil Procedure 56(e), plaintiff may provide the following types of proof:

1.  Plaintiff may rely on the statements made in the complaint _if_ the complaint (a) was signed under penalty of perjury; (b) shows that plaintiff has personal knowledge (i.e., "first-hand" or "non-hearsay" knowledge) of the matters stated; _and_ (c) plaintiff calls the court's attention to those parts of the complaint upon which plaintiff relies;

2.  Plaintiff may file and serve, upon the court and opposing counsel, one or more affidavits or declarations setting forth facts that plaintiff believes will prove plaintiff's claims.  Any person signing an affidavit or declaration must have personal knowledge of the facts stated.  At the end of a declaration or affidavit, the document must state "I declare under penalty of

perjury that the foregoing is true and correct" and be signed by the individual who has the personal knowledge. Any declarations or affidavits that are unsigned will <u>not</u> be considered;

      3. Plaintiff may submit copies of documents <u>so long as</u> plaintiff provides proof that the records are what plaintiff claims they are (i.e., plaintiff must declare under penalty of perjury that the documents are true and correct copies, and must specify where plaintiff got the documents); and

      4. Plaintiff may rely upon all or part of the transcript of a deposition, answers to interrogatories, or admissions obtained in this proceeding.

      To oppose successfully a motion for summary judgment, Plaintiff must set forth information in declarations, affidavits, and other documents which, when viewed together with defendant's declarations, affidavits, and other documents convinces the court that plaintiff's claims should go to trial.

      In rare cases, if a party has good reason why facts are not available to him or her when required to oppose a motion for summary judgment, the court <u>may</u> consider a request to postpone ruling on a motion for summary judgment. To support a request for postponement, the party must provide the court and opposing counsel with an affidavit or declaration (signed under penalty of perjury) setting forth the reasons the facts are unavailable and how the party expects the facts to support his or her claims.

      If plaintiff does not file and serve a written opposition with supporting documents or a request to postpone with a supporting affidavit or declaration, the court may consider the failure to act as consent to the granting of defendant's motion for summary judgment.

      Finally, the court notes that there is <u>no</u> right to an oral hearing on a motion for summary judgment. Under Local Rule 7.2(a)(3), the court has the discretion to rule on the papers filed, without oral argument. Under Local Rule 7.2(a)(3), if the court decides to hear oral argument, the court has the discretion to order that the hearing be conducted telephonically rather than in person.

      This notice shall constitute the only such notice from the court concerning defendant's motion for summary judgment. The court will not be providing any further information regarding the interpretation of Federal Rule of Civil Procedure 56, and cannot entertain unsolicited inquiries about the applicable rules of procedure.

_____
Name

_____

_____
Address

_____
Telephone

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| _____, | Case No. _____ |
|---|---|
| Plaintiff/Petitioner, | |
| vs. | |
| _____, | D E C L A R A T I O N |
| Defendant(s)/Respondent(s). | |

I, _____, proceeding without counsel, hereby

declare, under penalty of perjury, that _____

_____

_____

PS 13

I have attached true and correct copies of the following documents to this declaration:

I, _____, declare under penalty of perjury, that I have reviewed the above declaration, and that the information contained in this declaration is true and correct.

DATED this ____ day of _____, 200___, at _____,
                                                                                                     (City)

_____.
   (State)

                                                                                                                      Signature

I hereby certify that a copy of the above declaration was mailed by first class, U.S. Mail to _____ at _____
              (Opposing party or counsel)                  (Address)

and to the United States District Court for the District of Alaska, at 222 W.7th Avenue, # 4, Anchorage, Alaska 99513 on_____.
                                            (Date of mailing or handing to correctional officer)

                                                                                                                      Signature