IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HOWARD HUGHES,<br><br>    Plaintiff,<br><br>vs.<br><br>PURCELL SECURITY AUTHORITY, E. MILLER, SECURITY OFFICER, ANCHORAGE PARKING AUTHORITY, AND MUNICIPALITY OF ANCHORAGE,<br><br>    Defendants. | Case No. 3:05-cv-00014   TMB<br><br>ORDER GRANTING SUMMARY JUDGMENT |

  Plaintiff Howard Hughes filed this pro se action against Purcell Security Authority, Officer E. Miller, a security officer with Purcell Security, the Anchorage Parking Authority and the Municipality of Anchorage alleging that he was discriminated against when he was confronted by Purcell security officers and subsequently banned from the Transit Center in downtown Anchorage, Alaska on January 28, 2004.

  On July 21, 2006, Defendants NANA Management Services, LLC d/b/a Purcell Security Services and Anchorage Municipal Parking Authority filed a motion for summary judgment at Docket No. 43, arguing that they cannot be held liable under the United States and Alaska Constitutions, and, even if they could, Plaintiff could not produce sufficient evidence to establish his claim of discrimination. Defendants filed multiple exhibits along with their motion to establish that they had no official policy of discrimination and that the actions of security officers during the incident were not racially motivated. This evidence included incident reports from three officers on the scene during the allegedly discriminatory incident, a determination by the Municipality of Anchorage's Equal Rights Commission that Plaintiff had not established sufficient evidence of

discrimination to warrant a hearing under local ordinances, policies of the Anchorage Municipal Parking Authority, and Plaintiff's deposition.  In arguing for summary judgment on the conspiracy claim, Defendants cited Plaintiff's deposition, where he explained that the only conspiracy he alleged was among three security officers at the Transit Center on the night in question, and his only evidence of a conspiracy was that Officer Miller told him that she was going to get her two supervisors.

On July 21, 2006, the Municipality of Anchorage also filed a motion for summary judgment at Docket No. 41.  The Municipality joined in the arguments of Purcell Security Services and the Anchorage Municipal Parking Authority, but also moved for summary judgment on the grounds that the Municipality does not own the Transit Center, did not hire the Anchorage Parking Authority to operate the Transit Center, and did not hire or supervise the security officers alleged to have discriminated against Plaintiff.  Therefore, none of the allegedly discriminatory acts took place pursuant to any municipal policies.  On the conspiracy claim, the Municipality claimed that it could not be involved in any conspiracy because it played no official role in the incident.  In support of its motion for summary judgment, the Municipality included an ordinance establishing the Anchorage Parking Authority and defining its powers, a deed showing that the Anchorage Parking Authority owns the Transit Center, and deposition testimony from Plaintiff in which he commented that he only sued the Municipality because he believed that the Municipality had hired the Anchorage Parking Authority.

On July 21, 2006, Plaintiff was informed that Defendants had filed motions for summary judgment and was provided with detailed instructions about when and how to respond to the motions.  Through the present date, no response has been filed.

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.[1]  Under Federal Rule of Civil Procedure 56(e), "[w]hen a motion for summary judgment is made and supported...an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits

---

[1] FED R. CIV. P. 56©; *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir. 2000).

or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." "Although a court may not grant a motion for summary judgment simply because the non-moving party does not file opposing material, a court may grant summary judgment when the unopposed moving papers are sufficient on their face and show that no issues of material fact exist."[2]

Having reviewed Defendants' memoranda and attached exhibits, the Court finds that Defendants have met their burden of showing that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Plaintiff, by failing to respond to the motions, has not met his burden to show that there are genuine issues for trial.[3] The summary judgment motions of Defendants NANA Management Services, LLC, d/b/a Purcell Security Services and Anchorage Municipal Parking Authority at Docket No. 43 and the Municipality of Anchorage at Docket No. 41 are therefore **GRANTED**.

Dated at Anchorage, Alaska, this 18th day of December, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge

---

[2] *Roybal v. Marshall*, 1996 WL 346883, at *1 (N.D.Cal. 1996)(*citing Henry v. Gill Indus.*, 983 F.2d 943, 950 (9th Cir.1993)).

[3] Even though "we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).